# REPORTS OF CASES

DECIDED IN

# THE COURT OF APPEALS

OF THE

## DISTRICT OF COLUMBIA.

---

## CONNOR *v.* MEANY.

---

**VERDICT, AMENDMENT OF; REMITTITUR.**

1. *Quære*, whether a trial court has the right to allow a jury to correct their sealed verdict for a sum certain, without interest, so as to include interest, and record the verdict as amended.
2. In such a case, where the trial court states that he will grant a motion for a new trial unless the plaintiff enters a *remittitur* of the interest, and the *remittitur* is thereupon entered and judgment is rendered for the principal sum only, the judgment will on appeal by the defendant be allowed to stand.

No. 490.   Submitted January 9, 1896.   Decided January 21, 1896.

HEARING on an appeal by the defendant from a judgment on verdict in an action on a contract.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Chapin Brown* and *Mr. J. P. Earnest* for the appellant.

*Mr. Wm. A. McKenney* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a judgment in an action to recover the sum of $2,000 under contract for services rendered in the sale of a tract of land.

The jury returned a sealed verdict, which, when opened, was found to be for the plaintiff, Richard T. Meany, for the principal sum, without mentioning interest, though they had been charged, in the event of finding for the plaintiff, to find interest also from the date of the performance of the contract.   Under the statute regulating the practice in this

District, the interest must be assessed and found separately from the principal, in all cases.

Attention having been called to the omission, the foreman of the jury stated that it was their intention to include interest. The defendant, Michael Connor, asked that the jury be polled, and the first one called said that he did not know they had agreed on interest, and did not understand they were to find interest. The court then explained to the jury that if they found for the plaintiff, he was entitled to interest from the commencement of the suit. Thereupon the foreman announced to the court a finding of the sum of $2,000, with interest, as instructed by the court. Each juror, when polled, then stated that his verdict was $2,000, with interest from the commencement of the suit. The verdict as amended was then received and recorded.

Upon the hearing of a motion for new trial the court announced that a new trial would be granted, unless the plaintiff should enter a *remittitur* of the interest. That was immediately done; the motion was overruled, and judgment entered for the principal sum of $2,000.

There is no ground for this appeal. If there was error in the proceedings with respect to the amendment of the verdict—and we are not prepared to say that there was one of which the defendant could complain—it was completely cured by the *remittitur*. It is not necessary to consider the power of the courts of this District as regards the amendment of verdicts. It is not involved in the case. That a very liberal rule prevails is shown in a case lately decided by this court and in the cases cited in the opinion therein. *B. & O. Railroad Co.* v. *Dougherty*, 7 App. D. C. 378. The verdict for the principal sum was regular and complete, and wholly unaffected by the proceedings with respect to the interest.

There is no exception taken to anything in the proceedings antecedent thereto. If any one has a right to complain that the judgment is not for both principal and interest, it is not the appellant.

*The judgment is affirmed, with costs to the appellee.*